# IN THE OREGON TAX COURT

VANLANDINGHAM et al
*v.*
DEPARTMENT OF REVENUE
(TC 1899)

Frank Vanlandingham acted as attorney *pro se* for the plaintiffs.

Ira W. Jones, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered March 9, 1983.

**SAMUEL B. STEWART, Judge.**

The plaintiffs appealed the defendant's Opinion and Order No. I 82-163 disallowing certain deductions claimed by the plaintiffs on their 1978 and 1979 personal income tax returns, resulting in assessed deficiencies for these years.

Mr. Frank Vanlandingham, testifying for the plaintiffs, stated that he and his wife decided to find a product to

sell upon his retirement. The plaintiffs incurred costs for membership dues in International Traders Association, for advertising, for travel to Hawaii, Mexico and other locales in attempts to locate products and to market them.

The witness alleged that all of the disallowed deductions claimed by the plaintiffs were expenditures incurred in connection with the investigation or creation of the business which plaintiffs hoped to set up. He attested that he had receipted proof for all the expenditures plaintiffs had claimed on their 1978 and 1979 tax returns.

Upon cross-examination, Mr. Vanlandingham admitted that no sales were made in 1978 or in 1979. He testified that in 1980 he received an order for 60 battery-powered bicycles for which he had been granted a dealership. There were delivery problems, however, and the plaintiffs had to cancel the order and abandon their plan to market products. Therefore, the entire venture was without profit.

■ The defendant contended that the expenses were personal in nature, not business expenses; therefore, they were not deductible. The defendant alleged that in order for an expenditure to be classified as a "business expense" there must be an existing business. The defendant contended that the deductions claimed by the plaintiffs were expenditures made in search of a business, not the required "ordinary and necessary expenses paid in carrying on any trade or business" as allowed by IRC § 162(a).

■ In 1980, the Internal Revenue Code was amended by Public Law 96-605, § 102(2), to allow start-up expenditures to be amortized. The resultant amendment, IRC § 195, states that:

"Start-up expenditures may * * * be treated as deferred expenses. Such deferred expenses [paid or incurred after July 29, 1980] shall be allowed as a deduction ratably over such period of not less than 60 months as may be selected by the taxpayer."

Prior to the enactment of Public Law 96-605, "start-up" expenses had not been deductible for a noncorporate taxpayer. Rev Rul 77-254 states that expenses incurred in the course of a general search for or preliminary investigation of a

business, such as expenses for advertisements and travel to search for a new business, are not deductible.

■ The addition of IRC § 195 was an attempt to equalize the treatment given corporate and noncorporate taxpayers in respect to finding a new business venture. Unfortunately, the enactment of IRC § 195 is of no import to the plaintiffs. Their contested claims relate to tax years 1978 and 1979.

■ It is undisputed that 1978 and 1979 were "developmental years" in the plaintiffs' search for a venture. ORS 316.007 states that it is the intent of the legislature, insofar as possible, to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code. IRC § 162 allows a deduction for trade or business expenses only if incurred in connection with a trade or business, not if incurred in the preliminary investigation of a business.

Therefore, this court finds that the deductions in question were properly denied and hereby affirms the defendant's Opinion and Order No. I 82-163.